By Law, C. J.,
Sherman and Ellsworth, Judges.
The contract which in the defendants plea is alledged to be usurious, was not a loan of money, goods, wares or commodities within *44 the description of the statute against usury, but was a bargain respecting final settlement certificates of uncertain value.—There being no time fixed, or funds provided for their payment; their prime value was consequently fluctuating, and did in fact depreciate between the time of the defendants receiving the certificates, and the time fixed for payment of them the value of the one thousand dollars in specie secured by the other not.—They were issued by government as securities for the nominal amount in specie, and if the plaintiff had fold them to the defendant and taken his obligation for the payment of a like fum in hard money, it would have been a much more unequal bargain than the one now in question, yet no person would contend that it would have been a usurious contract. And though the note is to repay the fame certificates or others of like tenor, date and value, with lawful interest, yet the value of both principal and interest were in hazard of depreciation, and the law regards the substance more than the form of a contradi. The statute of this state prohibits the taking more than the value of 6 l. for the forebearance of 100 l. for a year, but it does not prohibit the taking more in quantity of any commodity of uncertain value, than at the rate of 6 per cent per annum; as if one lends 20 bushels of corn before harvest, when the market price is 4 5. per bushel, and receives 40 bushels in payment after harvest when corn is but 2 5. per bushel, he receives no more than the value of the principal lent, although he receives double the quantity. In the case of Murray against *45 Hardin (2 Bl. Rep. 863) it is laid down by D E Grey, Chief Justice, that “it is essential to a “loan, that the thing borrowed is at all events to “be restored.—If that be a bona fide put in haz“ard it is not a loan but a contract of another “kind.”—So in the fame cafe page 865 Mr. Justice Blackstone says, “I do not know “an instance where the principal fum is bona fide “hazarded, that the contract has been held to “be usurious. If the price be inadequate to “the hazard, it may be an imposition, and under “some circumstances relievable in equity; but “it cannot be legal usury”—And the other Judges concurred in these sentiments.—And as the same point has been adjudged in this case on a motion in arrest of judgement, on full debate we are clear that judgement ought now to be given for the plaintiff.