[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kimberly Richter, brought this action against the defendants, Daniel Hoffman, William M. Mensching, and Showtech, Inc., arising out of her employment as a secretary with Showtech in 1985 and 1986. The complaint alleges that the defendant Hoffman made improper sexual advances, and her complaint asserts causes of action for intentional infliction of emotional distress, battery and invasion of privacy.
The defendants now move for summary judgment, Practice Book 384, claiming that the plaintiff's claims are barred by (i) the Workers' Compensation Act; (ii) a lack of jurisdiction under the Connecticut Fair Employment Practice Act; (iii) a failure to allege sufficiently intentional infliction of emotional distress; and (iv) the doctrine of collateral estoppel and res judicata.
The complaint alleges that on or about September 23, 1985, the plaintiff was hired by the defendant Showtech, and that approximately one week thereafter, the defendant Hoffman began to take uncalled-for, unwarranted and demeaning liberties with the plaintiff. These actions, according to the plaintiff, included the use of dirty language, references to sexual desires and acts, and a use of threats to encourage the plaintiff to favor the defendant Hoffman with sexual acts. The aforementioned conduct of the defendant Hoffman allegedly culminated in a physical attack of a sexual nature on or about March 6, 1986.
The complaint further alleges that the actions of the defendant Hoffman, a supervisor and stockholder in Showtech, were brought to the attention of William Mensching, the president and chief executive officer of Showtech, and that Mensching condoned the actions of Hoffman.
The defendants Hoffman, Mensching, and Showtech move for summary judgment (#134), which is appropriate only when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rawlings v. New Haven 206 Conn. 100, 104, 537 A.2d 439
CT Page 5550 (1988). The party moving for summary judgment has the burden of showing the non-existence of any genuinely disputed material fact. Id. A material fact is a fact which will make a difference in the result of a case. Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). The proof submitted with a motion for summary judgment should be viewed in the light most favorable to the nonmoving party. Rawlings v. New Haven, supra, 104.
The defendants first seek summary judgment on the grounds that the plaintiff's claim is barred by the Workers' Compensation Act, General Statutes 31-284 and 31-293a. Where a worker's personal injury is covered by the Workers' Compensation Act, statutory compensation is the sole remedy and recovery in common law tort against the employer is barred. Jett v. Dunlap, 179 Conn. 215, 217, 425 A.2d 1263 (1979). On the other hand, an intentional tort committed upon one employee by another, which causes personal injury arising out of and in the course of his employment, is covered by the compensatory provisions of the Workers' Compensation Act. Id., 218. The fact that an employer subsequently condones an intentional tort does not remove such conduct from the exclusivity provisions of the Act. Id., 220. However, "if the assailant can be identified as the alter ego of the corporation, or the corporation has directed or authorized the assault, then the corporation may be liable in common law tort." Id., 219. An individual is the "alter ego" of a corporation when he has "an identity hardly distinguishable from that of the corporate entity itself." Garcia v. Gusmack Restaurant Corp., 150 N.Y.S.2d 232, 234, 44 N.E. 695 (1954); 2A Larson, Workers' Compensation (1990) 68.22, p. 13-81. While the plaintiff has not specifically plead that the assailant is the alter ego of the company, she has plead that he is both a supervisor and stockholder. Although "a mere supervisory employee" is not the alter ego of the corporation; Jett v. Dunlap, supra, 219: nevertheless, it is unclear if Hoffman's stock holdings cause him to be a dominant force in the corporation. Further, the defendants have submitted no documentary evidence relating to Hoffman's interest in the corporation. Moreover, the question of whether a defendant is a corporate alter ego is a question of fact. Stevens v. Lewis, 387 A.2d 637-39 (New Hampshire — 1978).
The defendants also contend that the actions of Hoffman come within the exclusivity provisions of the Act because the plaintiff has failed to allege that Hoffman acted intentionally. In order for an act to be intentional, it must result in consequences "which the actor believes are substantially certain to follow from what he does." Mingachos v. CBS, Inc., 196 Conn. 91,101, 491 A.2d 368 (1985). "A high risk of probability of harm is not equivalent to the substantial certainty without which an actor cannot be said to intend the harm in which his act results." Id. The complaint alleges that the defendant Hoffman frequently sexually harassed the plaintiff and ultimately physically attacked her. Whether Hoffman was substantially certain that such actions would harm the plaintiff is a question of fact for the trier of fact and one which cannot be properly decided on a motion for summary judgment. CT Page 5551
The plaintiff's complaint to the Commission on Human Rights and Opportunities (CHRO) has previously been dismissed by the agency for lack of probable cause. The plaintiff did not appeal this decision to the Superior Court even though she was entitled to such an appeal under General Statutes 46a-94a. The defendants now assert that the trial court lacks jurisdiction over this matter because the plaintiff has failed to exhaust her administrative remedies. Ordinarily, a plaintiff who fails to "follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court." Sullivan v. Board of Police Commissioners,196 Conn. 208, 216, 491 A.2d 1096 (1985). "The provisions of the CFEPA [Connecticut Fair Employment Practices Act, Connecticut General Statutes46a-51 et seq.] that prohibit discriminatory employment practices must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the CHRO." Id., 215. "Read in its entirety, the CFEPA not only defines important rights designed to rid the workplace of discrimination, but also vests first order administrative oversight and enforcement of these rights in the CHRO." Id., 216. Failure to follow the administrative route that the legislature has prescribed for a claim of discrimination (i.e., appeal to the Superior Court) will ordinarily prohibit a plaintiff from pursuing a separate civil action in the Superior Court. Id. However, "resort to administrative remedies is not required when the administrative remedy is plainly inadequate." Id., 217; Conto v. Zoning Commission, 186 Conn. 106, 115, 439 A.2d 441 (1982).
In this action, the plaintiff seeks punitive damages. The administrative remedies available to the plaintiff do not provide damages. General Statutes 46a-86; Chestnut Realty, Inc. v. CHRO, 201 Conn. 350,366, 514 A.2d 749 (1986) (any award of damages that is punitive in nature is not authorized by the statute). Therefore, the administrative remedy available to the plaintiff in this matter of sexual harassment is inadequate and the plaintiff is not required to exhaust administrative remedies. See Paradise v. Time Fibers Communications, Inc., 1 CSCR 444, 445 (June 27, 1986, Hadden J.), see also Jett v. Dunlap, supra, 219. Moreover, there is nothing in the statutory language of CFEPA to indicate that it provides the exclusive remedy for employment discrimination. Id.
The defendants next assert that summary judgment should be granted because the plaintiff has failed to sufficiently plead all the essential elements of intentional infliction of emotional distress. Four elements must be established for a plaintiff to prevail on a claim of intentional infliction of emotional distress: 1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; 2) the conduct was extreme and outrageous; 3) the defendant's conduct was the cause of plaintiff's distress; 4) the emotional distress sustained by the plaintiff was severe. Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 62, 480 A.2d 610 (1984). The plaintiff has satisfied the first element by stating that the defendant's actions resulted in the intentional infliction of emotional CT Page 5552 distress. Also, a summary judgment procedure is not appropriate "where the inferences which the parties seek to have drawn deal with questions of . . . intent." Nolan v. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031 (1988). Similarly, the question of whether the actor's conduct was sufficiently extreme or outrageous is a question of fact and cannot be decided by a ruling on a motion for summary judgment. Brown v. Ellis, 40 Conn. Sup. 165,167-68, 484 A.2d 944 (1984). The plaintiff has sufficiently alleged that the defendant Hoffman's conduct caused the plaintiff's emotional distress. Further, the plaintiff has claimed that she has suffered great emotional upset, humiliation, degradation and embarrassment. Such allegations sufficiently state that the plaintiff's emotional distress was severe. Accordingly, the defendants cannot prevail on their claim that the plaintiff has failed to properly allege intentional infliction of emotional distress.
The defendants' last claim is that the plaintiff's action is barred by the doctrines of res judicata and collateral estoppel. "Collateral estoppel is that aspect of res judicata which serves to estop the relitigation by parties and their privies of any right, fact or legal matter which is put in issue and has been once determined to be a valid and final judgment of a court of competent jurisdiction." State v. Wilson,180 Conn. 481, 485, 429 A.2d 931 (1981). "The party or his privy against whom collateral estoppel is asserted, therefore, must have been given a full and fair opportunity to litigate in a prior proceeding the issue sought to be precluded in the subsequent proceeding." East Lyme v. Waddington,4 Conn. App. 252, 255, 493 A.2d 903, cert. denied, 197 Conn. 811,499 A.2d 61 (1985). The defendants argue that the CHRO's dismissal of plaintiff's complaint collaterally estops her from raising these issues in this forum. However, the dismissal of the CHRO complaint was based on the recommendation of an investigator and did not include a hearing where evidence of events or damages could be presented. Therefore the plaintiff was not given a full and fair opportunity to litigate this matter and the doctrine of collateral estoppel is inapplicable.
"The doctrine of res judicata holds that an existing final judgment rendered upon the merits . . . is conclusive of causes of action and of the facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556,559, 436 A.2d 24 (1980). On the matter of res judicata, it has been stated that "administrative adjudications have a preclusive effect when the parties have had an adequate opportunity to litigate." Carothers v. Capozziello, 215 Conn. 82, 94, 574 A.2d 1268 (1990). As noted, the plaintiff's complaint to the CHRO was dismissed without a hearing. Moreover, had the plaintiff appealed the decision of the CHRO to the Superior Court, a trial de novo would not have been permitted. Billings v. Commission on Human Rights and Opportunities, 18 Conn. App. 241, 243, 557 A.2d 147
(1989). Therefore, the doctrine of res judicata does not apply because the plaintiff was not afforded an adequate opportunity to litigate her claim. CT Page 5553
For the foregoing reasons, the motion for summary judgment should be and hereby is denied.
SO ORDERED.
Dated at Stamford, Connecticut this tenth day of June, 1991.
W. B. LEWIS, J.