[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (No. 122)
The following claims are derived from the plaintiff's eight count complaint. The plaintiff, Karen Turgeon, was an employee of the defendant, Moore Special Tool Company, Inc. ("MST"), from 1981 to August 11, 1989. Defendant James Duplease, a foreman, was responsible for supervising the plaintiff.
On numerous occasions between 1987 and July, 1989, the defendant Duplease sexually harassed the plaintiff via offensive bodily contact and sexual remarks. The plaintiff repeatedly told the defendant that such contact and remarks were offensive to her. The defendant threatened plaintiff with loss of her job if she were not more cooperative with him. The defendant refused to award plaintiff bonus pay unless she agreed to his sexual demands.
In addition to complaining to her immediate supervisor, the plaintiff complained to MST's personnel department about the defendant's conduct. MST did not take any action against Duplease. The plaintiff was laid off by MST on the pretext of lack of work. Counts one through three against defendant Duplease allege assault and battery, intentional infliction of emotional harm, and negligent infliction of emotional harm.
Counts four, five and six against both defendants claim intentional tortious wrongful termination, negligent tortious wrongful termination, and breach of the covenant of good faith and fair dealing. Counts seven and eight against defendant MST claim failure to pay equal wages and respondeat superior. Plaintiff seeks compensatory damages as to all counts and punitive damages as to counts one, two, four and seven. CT Page 8591
Defendant MST filed a motion to strike counts four, five and six of the plaintiff's complaint.
I. THE MOTION TO STRIKE, ALTHOUGH IMPROPER IN FORM, RAISES A QUESTION OF SUBJECT MATTER JURISDICTION.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Mingachos v. CBS,200 Conn. 676, 678 (1986). "[I]n passing on a motion to strike based on a claim of failure to state a cause of action, the court] must . . . view those facts in a broad fashion not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Schmidt v. Yardney Electric Corporation, 4 Conn. App. 69, 74 (1985).
A motion to strike which raises any claims of legal insufficiency shall specify the reason or reasons for each claim of insufficiency. Practice Book 154. The Connecticut Supreme Court has said that "a motion to strike that does not specify the grounds of insufficiency is `fatally defective.'" In Lubas v. McCusker, 153 Conn. 250, 253 (1965). A memorandum of law which cites the legal authorities upon which the motion to strike relies does not dispense with the requirements of Practice Book 154 that the reasons for the motion to strike be specified in the motion itself. Blancato v. Feldspar Corporation, 203 Conn. 34,36 n. 3 (1987).
The defendant's motion to strike is defective because the grounds of the motion are not set forth in the motion. The plaintiff specifically raised the deficiency in her memorandum in opposition to the motion to strike. The defendant does, however, raise the doctrine of exhaustion of administrative remedies in its memorandum of law.
"[T]he exhaustion doctrine implicates subject matter jurisdiction. . . ." Cannata v. Department of Environmental Protection, 215 Conn. 616, 623 (1990). A claim of lack of subject matter jurisdiction "can be raised . . . at any time. Daley v. Hartford, 215 Conn. 14, 27-28 (199). When subject matter is raised it "must be disposed of no matter in what form it is presented;" and the court must "fully resolve it before proceeding further with the case." Castro v. Viera, 207 Conn. 420,429 (1988). (Emphasis added.)
The court must address the subject matter issues raised in defendant's memorandum of law.
II. EXHAUSTION OF ADMINISTRATIVE REMEDIES CT Page 8592
 It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. (Citations omitted.) "We have frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." Norwich v. Lebanon, 200 Conn. 697, 708, 513 A.2d 77 (1986). In Greater Bridgeport Transit District v. Local Union 1336, supra, 439, we stated that "[w]here there is in place a mechanism for adequate judicial review, such as that contained in 4-183, `[i]t is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation, it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court.' 2 Am.Jur.2d, Administrative Law 332 and cases therein cited."
Cannata v. Department of Environmental Protection, 215 Conn. 616,622-23 (1990).
 We have similarly stated that the "doctrine of exhaustion of [administrative] remedies fosters an orderly process of administrative adjudication and judicial review, offering a reviewing court the benefit of the agency's findings and conclusions. It relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citation omitted.) Id. at 625.
The court notes that "`[a]pplication of the [exhaustion] doctrine to specific cases requires an CT Page 8593 understanding of its purposes and of the particular administrative scheme involved' and that the doctrine should not be `applied blindly in every case.'" (Citations omitted.) Id. at 627-28 n. 8.
 Like all other judicial doctrines, there are exceptions to the rule of exhaustion; however, `"we have recognized such exceptions only infrequently and only for narrowly defined purposes.' LaCroix v. Board of Education, 199 Conn. 70, 79, 505 A.2d 1233 (1986). Among the exceptions is where recourse to the administrative remedy would be futile or inadequate; Greenwich v. Liquor Control Commission, 191 Conn. 528, 541-42, 469 A.2d 382 (1983). . . . ."' Pet v. Department of Health Services, supra, 353. An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief.
Id. at 628. "Whether prior recourse to the agency will be required will depend on the injury alleged and the administrative remedy available." Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 519 (1982).[1]
A. CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT ("CFEPAU")
General Statutes 46a-60 (a)(8) provides in pertinent part:
 (a) It shall be a discriminatory practice in violation of this section:
 (8) For an employer, by himself or his agent, for an employment agency, by itself or its agent, or for any labor organization, by itself or its agent, to harass any employee, person seeking employment or member on the basis of sex. "Sexual harassment" shall, for the purposes of this section, be defined as any welcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an CT Page 8594 individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. . . . (Emphasis added.)
The Commission on Human Rights and Opportunities ("CHRO") shall. . . "[i]nvestigate and proceed in all cases of discriminatory practices as provided in this chapter and noncompliance with the provisions of section 4a-60, or sections46a-68c to 46a-68f, inclusive." General Statutes 46a-56 (a)(3).
Pursuant to General Statutes 46a-86, the CHRO presiding hearing officer, upon a finding of any discriminatory employment practice, may order "such affirmative action as in the judgment of the presiding officer will effectuate the purpose of this chapter." General Statutes 46a-86 (a). In addition, the officer may order, "hiring or reinstatement of employees, with or without back pay, or restoration to membership in any respondent labor union." Id., subsection (b).
In the case of National Organization for Women v. Sperry Rand Corp., 457 F. Sup. 1338 (D.C. Conn. 1978), the court held that compensatory and punitive damages are not allowed in a Title VII discrimination claim. Connecticut courts have looked to federal employment discrimination law, namely Title VII of the Civil Rights Act of 1964, for guidance in enforcing its own antidiscrimination statute. State v. Commission on Human Rights Opportunities, 211 Conn. 464,469-70 (1989).
Compensatory and punitive damages are not recoverable under General Statutes 46a-86 in an action before the CHRO; therefore, the court must now determine whether to assert jurisdiction over the action.
In the case of Richter v. Hoffman, 2 CSCR 420 (May 5, 1987, Ryan, J.), plaintiff filed a three count complaint sounding in intentional infliction of emotional distress, assault and battery, and invasion of privacy. Plaintiff sought money damages, double or treble damages, and punitive damages. Plaintiff also filed an action with the CHRO alleging the same facts and seeking relief for sex discrimination employment practices under the CFEPA. The court held that, although the court had jurisdiction to hear plaintiff's tort claims, the CHRO should review these issues first. The court denied the motion CT Page 8595 to dismiss and ordered the action stayed pending a decision by the CHRO.
The CHRO later dismissed plaintiff's claim, and the defendant filed a motion for summary judgment in the case of Richter v. Hoffman. The court in denying defendant's motion for summary judgment [6 CSCR 641 (July 15, 1991, Lewis, J.)] held that since plaintiff's claim for punitive damages was not relief available from the CHRO the plaintiff could maintain an independent civil action.
In Paradise v. Times Fiber Communications, Inc.,1 CSCR 44 (August 11, 1986, Hadden, J.), a sex discrimination case, the court denied a motion to dismiss a claim of intentional infliction of emotional distress on the ground that it did not come within the CFEPA.
In the case of Chelstrowski v. New Horizon Manufacturing, 2 CSCR 962 (October 5, 1987, Schaller, J.), a sexual harassment case, the court denied a motion to dismiss plaintiff's claims of breach of employment contract, promissory estoppel, breach of implied and express promises of good faith and fair dealing, violation of General Statutes 31-51q, intentional interference with business relations, and intentional infliction of emotional distress. The court reasoned that none of the claims fell under the purview of CFEPA.
In Klik v. Pitney Bowes, Inc., 1 CSCR 812 (November 24, 1986, Lewis, J.), a physical disability discrimination case, the court granted defendant's motion for summary judgment on plaintiff's wrongful discharge count for failure to appeal the decision of the CHRO dismissing plaintiff's complaint. The court denied the motion, however, as to plaintiff's count for breach of implied covenant of good faith and fair dealing in the employment contract in that the court has jurisdiction over such claim.
The court is of the opinion that the CHRO remedies are inadequate under these circumstances. The motion to strike is denied.
E. EUGENE SPEAR, JUDGE