[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
By a second amended complaint filed February 2, 1994, the plaintiff, L. John Stevens, commenced this wrongful discharge action against the defendant, E.R. Champion Sons. The plaintiff seeks compensatory damages, punitive damages, costs, and a declaratory judgment reinstating the plaintiff in his employment capacity. The plaintiff alleges the following facts. The plaintiff was hired by the defendant insurance agency on or about May 20, 1992, as an insurance salesperson for an indefinite term. During the course of his employment with the defendant, the plaintiff was diagnosed as suffering from a panic/anxiety disorder by a representative from Southeastern Psychotherapy and Clinical Services. On or about January 7, 1993, a representative from Southeastern Psychotherapy and Clinical Services notified the defendant of the plaintiff's condition.
The defendant terminated the plaintiff one month following notification of the plaintiff's condition. The plaintiff alleges the following: (1) that his termination was in violation of an implied representation made by the defendant that the plaintiff's employment would not be arbitrarily terminated; (2) that his termination constitutes a wrongful discharge based upon the plaintiff's mental illness or disability in violation of a public policy of the state of Connecticut; and (3) that through its actions, the defendant intentionally inflicted emotional distress upon the plaintiff.
On February 4, 1994, the defendant filed a motion to strike count two and count three of the plaintiff's second CT Page 5608 amended complaint. The defendant also filed a memorandum of law.
On February 23, 1994, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike.
Discussion
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency."Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991).
The defendant argues that because the plaintiff has not alleged a cause of action sufficient to support a violation of public policy of the state of Connecticut, the defendant's motion to strike should be granted. The plaintiff, argues that termination of employment based upon mental illness or disability violates public policy, and that a common law cause of action in tort maybe maintained for such a discharge.
Discrimination on the basis of a person's present or past history of mental illness is prohibited in Connecticut. General Statutes § 46a-60. Practice Book § 109A provides, in relevant part, that when any claim in a "pleading is grounded on a statute, the statute shall be specifically identified by its number." Nevertheless, the court has affirmed an appellate court ruling that this section of the Practice Book is directory and not mandatory. Rowe v. Godou, 12 Conn. App. 538,542, 532 A.2d 978 (1987), rev'd on other grounds,209 Conn. 273, 275, 550 A.2d 1073 (1988).
General Statutes § 46a-60(a)(1) provides, in pertinent part, as follows:
It shall be a discriminatory practice in CT Page 5609 violation of this section . . . [f]or an employer, by himself or his agent . . . to discharge from employment any individual or to discriminate against him . . . because of the individual's . . . present or past history of mental disorder, mental retardation, [or] learning disability.
The Commission on Human Rights and Opportunities ("CHRO") "shall . . . [i]nvestigate and proceed in all cases of discriminatory practices as provided in this chapter and noncompliance with the provisions of section 4a-60, section4a-60a or sections 46a-68c to 46a-68f, inclusive." General Statutes 46a-56 (a)(3).
Ordinarily, a plaintiff who fails to follow the administrative route that the legislature has prescribed for his claim of discrimination lacks the statutory authority to pursue that claim in the superior court. Sullivan v. Board ofPolice Commissioners, 196 Conn. 208, 216, 491 A.2d 1096
(1985).
 The provisions of the CFEPA [Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-51 et seq.] that prohibit discriminatory employment practices must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the CHRO. Read in its entirety, the CFEPA not only defines important rights designed to rid the workplace of discrimination, but also vests first order administrative oversight and enforcement of these rights in the CHRO. Failure to follow the administrative route that the legislature has prescribed for a claim of discrimination (i.e., appeal to the Superior Court) will ordinarily prohibit a plaintiff from pursuing a separate civil action in the Superior Court. However, resort to administrative remedies is not required CT Page 5610 when the administrative remedy is plainly inadequate.
(Citations omitted; internal quotation marks omitted.) Richterv. Hoffman, 6 CSCR 641, 642 (June 11, 1991, Lewis, J.), quoting Sullivan v. Board of Police Commissioners, supra.
In this action, the plaintiff seeks punitive damages. The administrative remedies available to the plaintiff do not provide for punitive damages. See General Statutes § 46a-86; Chestnut Realty, Inc. v. CHRO, 201 Conn. 350,366, 514 A.2d 749 (1986) (any award of damages that is punitive in nature is not authorized by the statute). Therefore, the administrative remedies available to the plaintiff in this matter are plainly inadequate and the plaintiff is not required to his exhaust administrative remedies. See Paradise v. Time Fibers Communications, Inc.,1 CSCR 444, 445 (June 27, 1986, Hadden, J.). Additionally, "there is nothing in the statutory language of the CFEPA to indicate that it provides the exclusive remedy for employment discrimination." Richter v. Hoffman, supra.
Therefore, because the remedies available to the plaintiff are inadequate, the plaintiff is not required to exhaust his administrative remedies. The court finds that the plaintiff has alleged a legally sufficient cause of action. The defendant's motion to strike count two and count three of the plaintiff's second amended complaint is, therefore, denied.
Hurley, J.