[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 103, OBJECTION TOMOTION NO. 106
FACTS
On July 17, 1995, the plaintiff, Jill Rappoport, filed an eight count complaint alleging violation of Title VII, 42 U.S.C. § 2000, et. seq., violation of the Federal Equal Pay Act,29 U.S.C. § 206 (d)(i), intentional infliction of emotional distress, negligent infliction of emotional distress, wrongful CT Page 252-N discharge, constructive termination, vicarious liability, and violation of General Statutes § 46a-60 (a)(4), against the defendants, Life Gallery, Inc. (Life Gallery) and Richard Bridson. The plaintiff alleges in her complaint that she was employed by Life Gallery, that she was sexually harassed by a fellow employee, and that despite reporting such harassment to Richard Bridson, the president of Life Gallery, the defendants took no action to eliminate the problem. The plaintiff further alleges that she informed Bridson that if her fellow employee was not prevented from harassing her she would be forced to resign, and was thereupon terminated by the defendants.
On August 29, 1995, the defendants filed a motion to dismiss counts one, three, four, five, six and eight of the plaintiff's complaint on the grounds that the court lacks subject matter jurisdiction because of the plaintiff's failure to exhaust her administrative remedies, and that the plaintiff has not alleged the facts necessary to acquire jurisdiction in a Title VII action. The plaintiff filed an objection and memorandum in opposition on August 26, 1996.
THE LAW
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as CT Page 252-O a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993).
The defendants first contend that the court lacks subject matter jurisdiction over counts one, three, four and eight because the plaintiff has failed to exhaust her administrative remedies. The plaintiff has acknowledged in her memorandum in opposition that, after discovery, she has determined that this action does not fall within the parameters of a Title VII action, as Life Gallery did not employ more that 15 employees during the period in question. The plaintiff has also represented that she will be withdrawing count one, however, to date, no withdrawal has been filed. Therefore, that the defendants' motion to dismiss count one is hereby granted.
Regarding counts three, four and eight, in which the CT Page 252-P plaintiff alleges intentional and negligent infliction of emotional distress, and violation of § 46a-60, the defendant maintains that the plaintiff has not exhausted her administrative remedies. The plaintiff responds that her claims in intentional and negligent infliction of emotional distress are not encompassed within the jurisdiction of the CHRO, and that the administrative remedies offered by the CHRO are inadequate.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . We have recognized, however, certain limited exceptions to the exhaustion requirement. Such exceptions include where the available relief is inadequate or futile . . . ." (Citations omitted; internal quotation marks omitted.) OGIndustries, Inc. v. Planning Zoning Commission, 232 Conn. 419,425-26, 655 A.2d 1121 (1995). "It is the CHRO that is charged by the [Connecticut Fair Employment Practices Act (CFEPA)] with initial responsibility for the investigation and adjudication of claims of employment discrimination." Sullivan v. Board of PoliceCommissioners, 196 Conn. 208, 216, 491 A.2d 1096 (1985). If a plaintiff does not follow the administrative route prescribed by the legislature for a discrimination claim, the plaintiff "lacks the statutory authority to pursue that claim in the Superior Court." Id. However, "there is nothing in the statutory language CT Page 252-Q of the CFEPA to indicate that it provides the exclusive remedy for employment discrimination." (Internal quotation marks omitted.) Stevens v. E.R. Champion Sons, Inc., Superior Court, judicial district of New London at New London, Docket No. 527449 (May 26, 1994, Hurley, J.); see also Richter v. Hoffman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 083842 (June 11, 1991, Lewis, J., 6 CSCR 641).
In count eight the plaintiff seeks relief for the defendants' violation of § 46a-60, however, General Statutes § 46a-101
precludes bringing an action for violation of § 46a-60
unless the plaintiff has procured a release from the CHRO. The plaintiff has not provided any release from the CHRO. Nevertheless, the plaintiff argues that the remedies provided by the CHRO are inadequate, allowing her to pursue a private cause of action.
The plaintiff, in her prayer for relief, seeks attorney's fees and punitive damages. The Supreme Court has determined that the CHRO does not have the authority to award attorney's fees and punitive damages. Bridgeport Hospital v. Commission on HumanRights Opportunities, 232 Conn. 91, 653 A.2d 782 (1995). Some courts have determined that when a plaintiff seeks punitive damages, the remedies provided by the CHRO are inadequate, and therefore a plaintiff need not exhaust the available administrative remedies. See Dinegar v. University of New Haven,
CT Page 252-R Superior Court, judicial district of New Haven at New Haven, Docket No. 378256 (November 30, 1995, Fracasse, J.); Devoid v.Mirror Polishing Plating Co., Superior Court, judicial district of Litchfield, Docket No. 067949 (November 27, 1995, Pickett, J.); Charbonneau v. United Grinding, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 468279 (November 20, 1995, Arena, J.); Cross v. Nearine,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995, Wagner, J.);Seebeck v. McLaughlin Research Corp., Superior Court, judicial district of New London at New London, Docket No. 530884 (February 16, 1995, Hendel, J.); Stevens v. E.R. Champion Sons, Inc., supra; Richter v. Hoffman, supra. However, the court in Murphy v. Young, Superior Court, judicial district of New Haven at Meriden, Docket No. 244076 (November 22, 1995, Silbert, J.) stated that "[t]he exhaustion doctrine would be totally meaningless if all a plaintiff had to do to avoid the statutorily prescribed process was to add to its prayer for relief a remedy not available to it through CHRO." Accordingly, the court in Murphy determined that although the remedies available through the CHRO are not exhaustive, they are also not plainly inadequate. Id. See also Block v. ConnecticutDistributors, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327673 (May 3, 1996, Levin, J.). Additionally, in Davis v. Critikon, Inc., United States District CT Page 252-S Court, District of Connecticut, Docket No. 95-CV-1694 (September 20, 1996) the court, applying Connecticut law, held that the CHRO has the power to award back pay, and future monetary relief, therefore, the administrative remedy is not inadequate. Accordingly, the Davis court dismissed the plaintiff's § 46a-60
claim for lack of subject matter jurisdiction because of the plaintiff's failure to exhaust her administrative remedies by not appealing the decision of the CHRO or obtaining a release to sue from the CHRO pursuant to General Statutes § 46a-101. The better and more persuasive line of reasoning is expressed in the Block and Davis cases. This court therefore chooses to follow their reasoning. Accordingly defendant's motion to dismiss Count 8 is hereby Granted.
The defendants have also moved to dismiss counts three, four, five and six sounding in intentional and negligent infliction of emotional distress, wrongful discharge and constructive discharge. The defendants also argue that these claims should be dismissed because of a failure to exhaust administrative remedies and that the plaintiff has failed to allege the necessary statutory requirements. However these counts sound in tort, and are not brought under the statutory provisions governing sexual harassment. As this is a court of general jurisdiction it has subject matter jurisdiction over claims sounding in tort. If the defendants' contention is that the CT Page 252-T plaintiff has failed to sufficiently allege a cause of action in tort, then those issues are more properly determined by way of a motion to strike. Accordingly, the defendants' motion to dismiss counts three, four, five and six are DENIED.
In conclusion, the defendants' motion to dismiss is hereby GRANTED as to count ONE and EIGHT and DENIED as to counts THREE, FOUR, FIVE and SIX.
BY THE COURT,
MELVILLE, JUDGE